This action was brought by the plaintiffs for the purpose of having a tax deed made to the defendant, E. R. Harrelson, set aside as fraudulent or void, or that E. R. Harrelson, defendant and grantee therein, be declared trustee for the use and benefit of the plaintiffs.
The case is here upon a successful motion by the defendants to nonsuit the plaintiffs, and discussion here will be confined to the propriety of the judgment as of nonsuit.
Facts pertinent to that issue may be summarized as follows: The feme
plaintiff, J. B. Sellers, obtained the land in question by deed from her father-in-law and went into possession immediately, remaining in possession for some time thereafter. Later, in 1925, Burris Sellers removed to South Carolina, leaving his wife, J. B. Sellers, in the home of defendants. There is evidence tending to show that the premises were turned over to the care and custody of B. P. Harrelson as agent of the plaintiffs, upon an oral agreement that he would rent the same, keep the taxes paid, and account to them for a portion of the profits, if any. There is also evidence tending to show that plaintiffs did receive rents on several occasions, and that defendant B. P. Harrelson called on plaintiffs for money to pay expenses in a bad year, and that plaintiffs paid a small amount for that purpose.
The plaintiffs offered in evidence a deed of the sheriff of Columbus County to the defendant E. R. Harrelson, and an affidavit supporting the deed, for the purpose of attack. The plaintiff J. B. Sellers testified that she was living in the home of E. R. Harrelson when the tax deed was made, and that the defendants knew at all times where she and her husband were. She further testified that B. P. Harrelson took her and *Page 139 
her children to her husband in South Carolina, and that at all times thereafter the whereabouts of her and her husband was known to defendants; that B. P. Harrelson promised and agreed to pay the taxes in her name and to look after the property until the plaintiffs were ready to return, when he would turn the premises back to them; and during the period of her absence, they got small amounts of money from Harrelson for rent. There was intervisitation between the parties during her absence in South Carolina.
She returned to North Carolina in 1938, and found that the premises had been rented. At the end of the year, however, the tenant moved out and the plaintiffs went into the possession of the premises, without objection by the defendants and without any knowledge that there was a tax deed in existence.
Both the plaintiffs denied signing any deed to anyone for the land, and denied having gone before any notary public to acknowledge the same.
The plaintiff J. B. Sellers testified that she did not know that the land had been sold; that while with B. P. Harrelson, she worked and paid her own way, and paid him for taking her to South Carolina. There is evidence tending to show that plaintiffs first discovered the existence of the tax deed some time in the summer of 1939.
The evidence further tends to show that during the period, except when occupied by the plaintiffs, the lands were under the management of B. P. Harrelson, husband of E. R. Harrelson, and rented and controlled by him with the knowledge of all parties.
The plaintiffs remained upon the land until 1941, when "there was a lawsuit about getting off the land."
There was testimony as to the value of the land at the time of the tax deed, placing it at $2,500 to $3,000.
The affidavit supporting the sheriff's deed, made by the defendant E. R. Harrelson, states: "That no person has been in the actual possession or occupancy of the above described tract of land upon whom notice of such purchase could be served; that Mrs. J. B. Sellers, in whose name the land was assessed and taxed, cannot upon diligent inquiry be found in Columbus County or the State of North Carolina," etc. There is evidence tending to show that the defendant E. R. Harrelson knew of the presence of the plaintiff J. B. Sellers in North Carolina at the times stated in her evidence, and inferences that might be drawn by the jury that she knew of the relational agency that existed between B. P. Harrelson and the plaintiffs with respect to the land.
The defendant offered a judgment of the Superior Court at February Term, 1941, in favor of B. P. Harrelson and against Burris Sellers, the male plaintiff, ejecting him from the premises and further providing: *Page 140 
"It was further agreed by and between the parties that this judgment shall be without prejudice to any action hereinafter brought by the defendants against the plaintiffs."
The defendants further introduced a deed purporting to have been signed and acknowledged before a notary public in South Carolina, and purporting to convey the premises to B. P. Harrelson. See foregoing statement. The plaintiff Burris Sellers admitted that the signature looked like his, but denied signing it. The plaintiff J. B. Sellers denied it altogether. The deed was unregistered, and plaintiffs objected to its introduction. The evidence disclosed that it had been obtained for introduction in the evidence upon capias ad testificandum from Mrs. S. T. Williams of Gaston County, whose connection with the matter does not appear in the evidence.
The evidence discloses that certain parts of the land were conveyed on 20 December, 1930, by the defendants E. R. Harrelson and husband, B. P. Harrelson, to their daughter and codefendant, Mildred T. Burroughs, and on the same day a part of the land was conveyed to Alma Harrelson Hardie; and on 22 September, 1928, ten acres thereof were conveyed to C. L. Price. These deeds are merely referred to in the record by book and page of registry, and no copies thereof have been sent up to this Court.
As to the deeds to the daughters, Mildred T. Burroughs and Alma Harrelson Hardie, the evidence seems to indicate that no consideration passed at the time the deeds were received. The evidence does not disclose that Price had any knowledge of the transactions connected with the acquisition of the defendants' title, or that conveyance to him was without consideration.
This action was commenced by summons, which was introduced in the evidence, served upon the defendants 28 March, 1941.
Upon the state of the record as presented to us, we are unable to say that there are not inferences which may be drawn from the evidence favorable to plaintiffs' claim, or that the action is barred by the statute pleaded, and the judgment of nonsuit with respect to all the defendants, save C. L. Price, is reversed. The plaintiffs, however, have produced no evidence entitling them to proceed further against the defendant Price, and the judgment of nonsuit as to him is sustained.
The judgment of the court below will be modified in accordance with this opinion.
Modified and affirmed. *Page 141